UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHERYL UNGERMAN,                           No. 2:09-cv-01016-MCE-EFB

       Plaintiff,

  v.                                       PRETRIAL SCHEDULING ORDER

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, et al.,

       Defendants.
_____/

After reviewing the parties' Joint Status Report, the Court makes the following Pretrial Scheduling Order.

### I.  SERVICE OF PROCESS

All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

### II.  ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

///

///

1

1    III. JURISDICTION/VENUE

2    Jurisdiction is predicated upon 29 U.S.C. section 1001 et
3 seq.  Jurisdiction and venue are not contested.

4    IV. DISCOVERY

5    This case is governed by ERISA, therefore, all evidence for
6 trial will be limited to the administrative record.  The parties
7 may move to admit evidence outside the administrative record.
8 Defendants shall provide Plaintiff a copy of the entire
9 administrative record within **60** days of the date of this Pretrial
10 Scheduling Order.  The filing of the written administrative
11 record shall be filed not later than **March 25, 2010.**

12    V.    MOTION HEARING SCHEDULE

13    All dispositive motions, except motions for continuances,
14 temporary restraining orders or other emergency applications,
15 shall be heard no later than **April 29, 2010.**  The parties are
16 responsible for ensuring that all motions are filed to allow for
17 proper notice of the hearing under the Federal Rules of Civil
18 Procedure and/or Local Rules.  Available hearing dates may be
19 obtained by calling Stephanie Deutsch, Courtroom Deputy Clerk, at
20 (916) 930-4207.

21    All purely legal issues are to be resolved by timely
22 pretrial motions.  Local Rule 78-230 governs the calendaring and
23 procedures of civil motions with the following additions:
24 ///
25 ///
26 ///
27 ///
28 ///

2

1         (a)    The opposition and reply must be filed by
2                  **4:00 p.m.** on the day due; and
3         (b)    When the last day for filing an opposition brief
4                  falls on a legal holiday, the opposition brief
5                  shall be filed on the last court day immediately
6                  preceding the legal holiday.

7     Failure to comply with Local Rule 78-230(c), as modified by
8 this Order, may be deemed consent to the motion and the Court may
9 dispose of the motion summarily.  Further, failure to timely
10 oppose a summary judgment motion[1] may result in the granting of
11 that motion if the movant shifts the burden to the nonmovant to
12 demonstrate that a genuine issue of material fact remains for
13 trial.
14     The Court places a page limit of twenty (20) pages on all
15 initial moving papers, twenty (20) pages on oppositions, and ten
16 (10) pages for replies.  All requests for page limit increases
17 must be made in writing to the Court setting forth any and all
18 reasons for any increase in page limit at least fourteen (14)
19 days prior to the filing of the motion.
20     For the Court's convenience, citations to Supreme Court
21 cases should include parallel citations to the Supreme Court
22 Reporter.
23 ///
24 ///
25 ///
26

---

27     [1] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for
28 summary judgment to review Local Rule 56-260.

1  The parties are reminded that a motion <u>in</u> <u>limine</u> is a
2 pretrial procedural device designed to address the admissibility
3 of evidence.  The Court will look with disfavor upon
4 dispositional motions presented at the Final Pretrial Conference
5 or at trial in the guise of motions <u>in</u> <u>limine</u>.
6  The parties are cautioned that failure to raise a
7 dispositive legal issue that could have been tendered to the
8 court by proper pretrial motion prior to the dispositive motion
9 cut-off date may constitute waiver of such issue.
10  VI.  <u>FINAL PRETRIAL CONFERENCE</u>
11  The Final Pretrial Conference is set for **August 26, 2010** at
12 **2:00 p.m.**  At least one of the attorneys who will conduct the
13 trial for each of the parties shall attend the Final Pretrial
14 Conference.  If by reason of illness or other unavoidable
15 circumstance a trial attorney is unable to attend, the attorney
16 who attends in place of the trial attorney shall have equal
17 familiarity with the case and equal authorization to make
18 commitments on behalf of the client.
19  Counsel for all parties are to be fully prepared for trial
20 at the time of the Final Pretrial Conference, with no matters
21 remaining to be accomplished except production of witnesses for
22 oral testimony.
23  The parties shall file, not later than **August 5, 2010**, a
24 Joint Final Pretrial Conference Statement.  The provisions of
25 Local Rules 16-281 shall apply with respect to the matters to be
26 included in the Joint Final Pretrial Conference Statement.
27 ///
28 ///

4

In addition to those subjects listed in Local Rule 16-281(b), the parties are to provide the Court with a plain, concise statement that identifies every non-discovery motion tendered to the Court and its resolution.  Failure to comply with Local Rule 16-281, as modified by this Pretrial Scheduling Order, may be grounds for sanctions.

At the time of filing the Joint Final Pretrial Conference Statement, counsel shall also electronically mail to the Court in digital format compatible with Microsoft Word or WordPerfect, the Joint Final Pretrial Conference Statement in its entirety including the witness and exhibit lists.  **These documents shall be sent to: mceorders@caed.uscourts.gov**.

The parties should identify first the core undisputed facts relevant to all claims.  The parties should then, in a concise manner, identify those undisputed core facts that are relevant to each claim.  The disputed facts should be identified in the same manner.  Where the parties are unable to agree as to what disputed facts are properly before the Court for trial, they should nevertheless list all disputed facts asserted by each party.  Each disputed fact or undisputed fact should be separately numbered or lettered.

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a motion in limine.

///
///
///
///

1    Each party shall identify the points of law which concisely
2 describe the legal issues of the trial which will be discussed in
3 the parties' respective trial briefs.  Points of law should
4 reflect issues derived from the core undisputed and disputed
5 facts.  Parties shall not include argument or authorities with
6 any point of law.
7    The parties are reminded that pursuant to Local Rule 16-281
8 they are required to list in the Joint Final Pretrial Conference
9 Statement all witnesses and exhibits they propose to offer at
10 trial.  After the name of each witness, each party shall provide
11 a brief statement of the nature of the testimony to be proffered.
12 The parties may file a joint list or each party may file separate
13 lists.  These list(s) shall not be contained in the body of the
14 Joint Final Pretrial Conference Statement itself, but shall be
15 attached as separate documents to be used as addenda to the Final
16 Pretrial Order.
17    Plaintiffs' exhibits shall be listed numerically.
18 Defendant's exhibits shall be listed alphabetically.  The parties
19 shall use the standard exhibit stickers provided by the Court
20 Clerk's Office: pink for Plaintiff and blue for Defendant.  In
21 the event that the alphabet is exhausted, the exhibits shall be
22 marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters, note the
23 number of letters in parenthesis (i.e., "AAAA(4)") to reduce
24 confusion at trial.  All multi-page exhibits shall be stapled or
25 otherwise fastened together and each page within the exhibit
26 shall be numbered.  All photographs shall be marked individually.
27 The list of exhibits shall not include excerpts of depositions,
28 which may be used to impeach witnesses.

1  In the event that Plaintiffs' and Defendant offer the same
2  exhibit during trial, that exhibit shall be referred to by the
3  designation the exhibit is <u>first</u> <u>identified</u>.  The Court cautions
4  the parties to pay attention to this detail so that all concerned
5  will not be confused by one exhibit being identified with both a
6  number and a letter.
7      The Final Pretrial Order will contain a stringent standard
8  for the offering at trial of witnesses and exhibits not listed in
9  the Final Pretrial Order, and the parties are cautioned that the
10 standard will be strictly applied.  On the other hand, the
11 listing of exhibits or witnesses that a party does not intend to
12 offer will be viewed as an abuse of the court's processes.
13     The parties also are reminded that pursuant to Rule 16 of
14 the Federal Rules of Civil Procedure it will be their duty at the
15 Final Pretrial Conference to aid the Court in: (a) the
16 formulation and simplification of issues and the elimination of
17 frivolous claims or defenses; (b) the settling of facts that
18 should properly be admitted; and (c) the avoidance of unnecessary
19 proof and cumulative evidence.  Counsel must cooperatively
20 prepare the Joint Final Pretrial Conference Statement and
21 participate in good faith at the Final Pretrial Conference with
22 these aims in mind.  A failure to do so may result in the
23 imposition of sanctions which may include monetary sanctions,
24 orders precluding proof, elimination of claims or defenses, or
25 such other sanctions as the Court deems appropriate.
26 ///
27 ///
28 ///

1     VII. TRIAL BRIEFS

2     The parties shall file trial briefs not later than
3 **August 12, 2010** by **4:00 p.m.** Counsel are directed to Local
4 Rule 16-285 regarding the content of trial briefs.

5     VIII.   EVIDENTIARY AND/OR PROCEDURAL MOTIONS

6     Any evidentiary or procedural motions are to be filed by
7 **August 5, 2010**. Oppositions must be filed by **August 12, 2010** and
8 any reply must be filed by **August 19, 2010**. The motions will be
9 heard by the Court at the same time as the Final Pretrial
10 Conference.

11     IX.   TRIAL SETTING

12     The trial is set for **October 25, 2010** at **9:00 a.m.** Trial
13 will be a bench trial. The parties estimate a trial length of
14 **one (1) day**.

15     X.   SETTLEMENT CONFERENCE

16     At the Final Pretrial Conference, the Court may set a
17 settlement conference if the parties so request. In the event no
18 settlement conference is requested, the parties are free to
19 continue to mediate or attempt to settle the case with the
20 understanding that the trial date is a firm date.

21     In the event a settlement conference is set by the Court,
22 counsel are instructed to have a principal with full settlement
23 authority present at the Settlement Conference or to be fully
24 authorized to settle the matter on any terms. At least seven (7)
25 calendar days before the settlement conference, counsel for each
26 party shall submit to the chambers of the settlement judge a
27 confidential Settlement Conference Statement.

28 ///

Such statements are neither to be filed with the Clerk nor served on opposing counsel.  Each party, however, shall serve notice on all other parties that the statement has been submitted.  If the settlement judge is not the trial judge, the Settlement Conference Statement shall not be disclosed to the trial judge.

Notwithstanding the foregoing, the parties may request a settlement conference prior to the Final Pretrial Conference if they feel it would lead to the possible resolution of the case. In the event an early settlement conference date is requested, the parties shall file said request jointly, in writing.  The request must state whether the parties waive disqualification, pursuant to Local Rule 16-270(b), before a settlement judge can be assigned to the case.  Absent the parties' affirmatively requesting that the assigned Judge or Magistrate Judge participate in the settlement conference AND waiver, pursuant to Local Rule 16-270(b), a settlement judge will be randomly assigned to the case.

XI.   VOLUNTARY DISPUTE RESOLUTION PROGRAM

Pursuant to Local Rule 16-271 parties will need to lodge a stipulation and proposed order requesting referral to the Voluntary Dispute Resolution Program.

XII.   MODIFICATION OF PRETRIAL SCHEDULING ORDER

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of **good cause.**

///

///

Agreement by the parties pursuant to stipulation alone to modify the Pretrial Scheduling Order does not constitute good cause. Except in extraordinary circumstances, unavailability of witnesses or counsel will not constitute good cause.

XIII.   OBJECTIONS TO PRETRIAL SCHEDULING ORDER

This Pretrial Scheduling Order will become final without further order of the Court unless objections are filed within seven (7) *court* days of service of this Order.

IT IS SO ORDERED.

Dated: August 17, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

10